## A. E. CAMPS v. CITY OF LOUISVILLE.

**Officer's Fees Governed by Statute.**

No obligation rests on the city of Louisville or the county of Jefferson by reason of their having agreed to jointly erect and maintain a jail for the use of both, each contributing to the expense thereof, to pay the jailor more than the fees provided by the statute.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

January 6, 1877.

OPINION BY JUDGE PRYOR:

The fact that the city of Louisville and county of Jefferson erected a jail at the joint expense of the city and county, did not enlarge or effect the allowances to the jailor, but only required that the expenses incurred should be contributed by each in such proportions as had been agreed on by the contending parties.

The items constituting this joint expense never entered into the agreement, for the reason that the law authorized and designated the character of expenses to be incurred, and any other appropriation would have been without legal sanction. They were required to build and keep in repair a safe and suitable county jail, and were empowered to create such other expenses as were permitted to be made by statute, and required to be paid out of the county levy. Neither the county nor the city had the right to use the public money or to burden the citizens with taxation for the purpose of paying all such expenses as they might see proper to create.

We have been cited to no provision of the statute, nor to any local enactment that permitted the county court of Jefferson, or the city and county combined, to make appropriations and incur expenditures that could not have been incurred by any other county court in the state. The expenditures must necessarily be greater in such a city than in the counties of the state, still they must be for the same purpose and within the authority conferred by the statute.

No contract was ever made with the jailor, and none by the city and county, except that each corporation agreed to contribute a certain proportion to defray the expenses authorized by statute in providing such a prison. The fact that the jailor had been furnished with gas and water for many years can evidence no contract, as the jailor has no right to demand the county and city to give more than the law authorizes. It is the duty of the jailor to furnish the light and water, as much so as it is to furnish the prisoners with bread and meat. For the discharge of this duty the jailor is amply paid

by the fees allowed by the statute, and in the absence of any contract, express or implied, between the appellee and the jailor, the only ground upon which to base a judgment for the appellant is the long continued exercise of an unwarranted power by the city of Louisville in making this improper expenditure. The officials have no greater right to use the public money in this way than they would have to pay all the expenses, leaving to the jailor the entire fees as the net income of his office.

The means provided by the city and county for conveying water to the jail, and other conveniences connected with the building, lessens the labor of the jailor in the discharge of his duties, but in no wise evidences the existence of a contract between him and the city.

The judgment below is *affirmed.*

*B. T. Camp, Bullitt, Bullitt & Harris, for appellant.*

*T. L. Burnett, for appellee.*